**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE JOAQUIN CONTRERAS GANDIA** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-8262** |
| | : | |
| **J.L. JAMISON, ET AL.** | : | |

**ORDER**

This 2nd day of November, 2026, for the reasons that follow, it is hereby **ORDERED** that Petitioner's Verified Petition for Writ of Habeas Corpus, ECF 1, is **GRANTED**. Respondents shall release Petitioner immediately and shall return all personal belongings confiscated upon his arrest or during his detention, including any identification documents, and certify compliance with this Order no later than **5:00 p.m. ET** on **November 3, 2026**.[1]

Respondents base Petitioner's detention on Section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a). ECF 5 at 1. As I discussed further in *Mbiwokundong v. Jamison*, No. 26-8220, ECF 5 (Oct. 29, 2026), I agree with several courts in this district that individualized review is necessary prior to discretionarily detaining a noncitizen under Section 236(a). *See, e.g.*, *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026).[2] This rule applies when the Government seeks to re-detain a noncitizen after parole. *See, e.g.*, *De Los Santos Medina v. Jamison*, No. 26-6800, 2026 WL 2742071, at *4-5 (E.D. Pa. Sept. 16, 2026) (granting habeas relief on similar facts). The documentation that the Government provided "is bereft of a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable

[1] I defer ruling on Petitioner's request for costs and attorneys' fees. ECF 1 ¶ 139.

[2] Following the reasoning of the authorities I cited in *Mbiwokundong*, I find that exhaustion is not required here. *See* No. 26-8220, ECF 5 at *2 n.1; *see also, e.g.*, *Dos Reis*, 2026 WL 1746649 at *3.

for conditions short of detention." *Dos Reis*, 2026 WL 1746649 at *4. It cites only that "[d]ue to available bed space, subject was taken into custody." ECF 5-1 at 4. But "[t]he availability of bed space is not an individualized determination" under Section 236(a). *Basboga v. Jamison*, No. 26-6694, 2026 WL 3033623, at *5 (E.D. Pa. Oct. 9, 2026); *see also Lopez-Abello v. Jamison*, No. 26-6752, 2026 WL 2981935, at *2 (E.D. Pa. Oct. 5, 2026) (similar). Therefore, I find that Petitioner did not receive the required individualized determination prior to detention. Because Petitioner was not afforded the required individualized custody determination, his detention is unlawful, providing a basis for habeas relief.

"The rule of law is built upon multiple procedural safeguards," *Tabora-Brizuela v. Mullin*, No. 26-7010, 2026 WL 2908095, at *5 (E.D. Pa. Sept. 28, 2026), and "[h]abeas is at its core a remedy for unlawful executive detention and the typical remedy for such detention is, of course, release." *Id.* (citations omitted).

/s/ Gerald Austin McHugh
United States District Judge